DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| IN RE:   )<br>   )<br>**WINGROVE LLEWELYN RICHARDS,**   )<br>   )<br>       Debtor.   )<br>_____   )<br>   )<br>**WINGROVE LLEWELYN RICHARDS,**   )<br>   )<br>       Plaintiff/Appellant,   )<br>   )<br>       v.   )<br>   )<br>**BANK OF NOVA SCOTIA; STRYKER,**   )<br>**DUENSING, CASNER, DOLLISON;**   )<br>**LAWYER'S TITLE INSURANCE**   )<br>**COMPANY,**   )<br>   )<br>       Defendant/Appellee.   )<br>_____   ) | Chapter 7<br>Case No. 3-02-00035 (MFW)<br><br><br><br>D.C. App. Civ. No. 2016-41 |

**ATTORNEYS:**

**Wingrove Llewelyn Richards**
    *Pro se plaintiff/appellant,*

**Carol Ann Rich**
Dudley, Rich & Brathwaite
St. Thomas, U.S.V.I.
    *For Bank of Nova Scotia,*

**Matthew J. Duensing**
Stryker, Duensing, Casner & Dollison
St. Thomas, U.S.V.I.
    *For Stryker, Duensing, Casner & Dollison.*

## <u>ORDER</u>

**GÓMEZ, J.**

    Before the Court are several post-judgment motions filed by Wingrove Llewelyn Richards ("Richards").

Richards was formerly the titleholder of property described as Parcel No. 1B1-A remainder Estate Wintberg ("Property A") and Parcel No. 1B1-B remainder Estate Wintberg (the "Property B"), both located in St. Thomas, U.S. Virgin Islands. On October 27, 1999, Richards borrowed $30,000 from the Bank of Nova Scotia ("BNS"). Richards executed and delivered a promissory note (the "Note") to BNS in which he promised to pay BNS $30,000. The Note was secured by a mortgage attached to Property B (the "Mortgage").

Subsequently, Richards defaulted under the terms of the Note and Mortgage. Therafter, BNS brought a debt and foreclosure action against Richards in the Virgin Islands Superior Court (the "Superior Court Action"). While that action was pending, Richard filed a petition for bankruptcy, which was docketed as Bankruptcy Case Number 2-35 (the "2002 Bankruptcy Action"). The Superior Court action was stayed.

On December 24, 2002, the Bankruptcy Court discharged Richard's unsecured debts in the 2002 Bankruptcy Action. BNS was subsequently granted relief from the stay of the Superior Court Action. On March 15, 2007, the Superior Court entered a judgment of foreclosure against Richards and ordered Property B to be sold by the Superior Court Marshal. Before the sale, Richards filed a motion to set aside the judgment. That motion was

denied, and Property B was subsequently sold. Richards did not appeal the Superior Court Action.

In the 2002 Bankruptcy Action, Property A was made a part of Richards's bankruptcy estate. The United States Trustee (the "Trustee") filed a motion in the bankruptcy court seeking authority to sell Property A, which the Bankruptcy Court granted. On April 29, 2009, Richards appealed the order granting the motion to sell Property A. That appeal was docketed in this Court at Civil Case Number 9-63. On June 11, 2009, this Court dismissed the appeal as untimely filed. Richards subsequently moved for reconsideration of the order of dismissal. His motion was denied.

On October 30, 2009, Richards commenced a civil action against BNS, the law firm of Stryker, Duensing, Casner & Dollison ("Stryker"), and the Lawyers Title Insurance Company (the "First Federal Action"). The complaint was docketed in this Court at Civil Case Number 9-154. Richards sought to have this Court vacate various Bankruptcy Court and Superior Court orders and judgments pursuant to Federal Rule of Civil Procedure 60. On September 29, 2010, after holding a hearing, the Court dismissed

the Richards's First Federal Action for lack of subject matter jurisdiction.[1]

Subsequently the Trustee filed a complaint against Richards in the Bankruptcy Court, which was docketed at Adversary Proceeding Number 9-3063 (the "2009 Bankruptcy Action"). The Trustee alleged that Richards was interfering with the efforts of the Trustee to sell Property A. On May 14, 2010, the bankruptcy court granted the Trustee's motion and entered an injunction against Richards. On May 24, 2010, Richards appealed that order to this Court. That appeal was docketed in this Court at Civil Case Number 10-50. On January 8, 2013, this Court dismissed Richards's appeal as moot because the property had already been sold.

---

[1] On February 13, 2013, Richards filed two documents in the First Federal Action: The first was captioned as a complaint against Wilmoth Brooks, BNS, Stryker, and the Lawyers Title Insurance Company while the Second motion seemed to reassert the claims previously asserted by Richards in his October 30, 2009, complaint. The Court construed the motions as a motion to reconsider and a motion for relief from judgment. On July 24, 2013, the Court denied the motions because they were untimely and Richards had failed to adduce evidence showing that the judgment should be set aside due to fraud. On April 23, 2015, and June 10, 2015, Richards filed two motions seeking injunctive relief. The Court construed both motions as motions to alter the Court's judgment. On February 1, 2016, the Court denied both motions because it lacked subject matter jurisdiction over the action. On February 12, 2016, Richards filed a motion for reconsideration, which the Court denied on August 16, 2016. On July 10, 2018, Richards filed a motion captioned "Motion to Reopen Case 3:09-00154 Base on a Grave Miscarriage of Justice," which the Court construed as a motion to reopen. *See* Civil Case No. 9-154, ECF No. 46. On January 29, 2019, denied the motion to reopen because it lacked subject matter jurisdiction over the matter.

On April 26, 2011, Richards filed an action captioned "Independent and Objection Action" in the Bankruptcy Court, docketed at Adversarial Proceeding Number 11-3003 (the "2011 Bankruptcy Action"). In his complaint, Richards asked the Bankruptcy Court to set aside the March 15, 2007, judgment of the Superior Court. The complaint also alleged claims of fraud against BNS, Stryker, and the Lawyers Title Insurance Company. BNS moved to dismiss the action in the bankruptcy court. In response, Richards filed a document in the bankruptcy court captioned "Withdrawal of the Reference is also an Amendment and a Response to the Motion to Dismiss." *See* Civil Case No. 11-74, ECF No. 1. On July 11, 2011, Richards commenced a civil action in this Court (the "Second Federal Action") by filing that document in Civil Case Number 11-74. Subsequently, the bankruptcy court dismissed the 2011 Bankruptcy Action. On March 9, 2012, this Court denied Richards motion to withdraw reference because the Court lacked jurisdiction to consider the motion.

Richards subsequently filed a motion to reopen the Bankruptcy Action in the Bankruptcy Court. The Bankruptcy Court denied the motion on January 27, 2014. On April 4, 2016, Richards filed a second motion to reopen the Bankruptcy Action. On May 18, 2016, the Bankruptcy Court denied the motion to reopen. On May 26, 2016, Wingrove commenced the present action

in Civil Case Number 16-41 by filing a document in this Court captioned "Notice of Appeal 'Emergency,'" which purported to appeal from the Bankruptcy Court's May 18, 2016, denial of Richards motion to reopen. *See* Civil Case No. 16-41, ECF No. 1 at 1.

Wingrove subsequently filed a motion to proceed *in forma pauperis*. The Court referred the notice of appeal and motion to proceed *in forma pauperis* to the Magistrate Judge for a Report and Recommendation. On March 29, 2017, the Magistrate filed a Report and Recommendation, recommending that the Court deny Richards's motion for leave to proceed in forma pauperis and affirm the order of the Bankruptcy Court. The Magistrate reasoned:

> Although characterized as an appeal of the Bankruptcy Court's May 18, 2016 Order, Richards' arguments all are ultimately aimed at overturning the orders and judgments of the Superior Court in connection with the foreclosure and sale of the Wintberg Property. Each of these arguments have been addressed – and rejected – by the Bankruptcy Court and the District Court on several occasions. Richards has presented nothing new in that regard. Richards identifies no error of law or fact in the Bankruptcy Court's May 18, 2016 Order that has not already been addressed.
> Upon a *de novo* review of the Bankruptcy Court's May 18, 2016 Order, and the underlying materials, it is evident that the Bankruptcy Court's conclusion that it lacked jurisdiction to grant the relief requested was correct and no error has been committed.
> Further, with respect to Richards' IFP Application, Richards has failed to demonstrate an

> inability to pay the fees associated with filing the instant appeal.

ECF No. 5 at 4. On March 30, 2017, the Court adopted the Magistrate's Report and Recommendation and closed this case.

On July 10, 2018, Richards filed two motions captioned: "Application to File the Criminal Wrongful Execution Action that Deceived the Bankruptcy Court and Superior Court Under RICO," ECF No. 9, and "Application for Order Against Wrongful Execution Arising From Unaddressed Fraudulent Proposed Courts Documents 'Emergency,'" ECF No. 11. On July 17, 2018, Richards filed a motion captioned "Motion to set Aside Default Judgment Obtained by Fraud Upon the Court and Denial of Due Process." ECF No. 14.

As with the notice of appeal commencing this proceeding, Richards's subsequent filings continue to reiterate arguments that have been considered and rejected by this Court and the Bankruptcy Court on multiple occasions. Moreover, to date, Richards has not paid a filing fee in this action nor supplemented his motion for leave to proceed *in forma pauperis*. *See Rohn v. Johnston*, 415 Fed. App'x 353, 355 (3d Cir. 2011) (affirming dismissal of district court action where plaintiff failed to pay filing fee or file affidavit of poverty with motion to proceed *in forma pauperis*).

The premises considered, it is hereby

**ORDERED** that the motion captioned "Application to File the Criminal Wrongful Execution Action that Deceived the Bankruptcy Court and Superior Court Under RICO" docketed at ECF Number 9 is **DENIED;** it is further

**ORDERED** that the motion captioned "Application for Order Against Wrongful Execution Arising From Unaddressed Fraudulent Proposed Courts Documents 'Emergency'" docketed at ECF Number 11 is **DENIED;** and it is further

**ORDERED** that the motion captioned "Motion to set Aside Default Judgment Obtained by Fraud Upon the Court and Denial of Due Process" docketed at ECF Number 14 is **DENIED.**

S\_____
    **CURTIS V. GÓMEZ**
    **District Judge**